Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW PERRY, | Case No.: 3:17-cv-153 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CREDIT BUREAU OF LEWISTON-CLARKSTON, INC., a Washington corporation. | |
| Defendant. | |

COMES NOW the Plaintiff Matthew Perry, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim for abuse of process.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Matthew Perry is a natural person residing in Nez Perce County, Idaho, and is a

**Complaint - Page 1 of 8**

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Credit Bureau of Lewiston-Clarkston is a Washington corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 920 6th St., Clarkston, WA 99403.

4. Credit Bureau of Lewiston-Clarkston is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Credit Bureau of Lewiston-Clarkston is licensed to do business in Idaho and can be served through its registered agent, Troy A. Ledgerwood, 1324 Idaho St., Lewiston, ID 83501.

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

8. On September 14, 2016, Credit Bureau of Lewiston-Clarkston filed a lawsuit against Mr. Perry in state court, Nez Perce County Case No. CV-16-1763.

9. The suit alleged that Mr. Perry was delinquent on a pair of accounts with St. Joseph Medical Group and St. Joseph RMC.

10. The suit further alleged that Credit Bureau of Lewiston-Clarkston had been assigned the right to collect approximately $2,500 in principal and interest for those accounts Mr. Perry had with St. Joseph Medical Group and St. Joseph RMC.

11. The alleged debts were primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

12. At the time Mr. Perry received services, in 2014, from St. Joseph Medical Group and St. Joseph RMC, he resided at 1830 14th St. in Lewiston.

13. At the time St. Joseph Medical Group and St. Joseph RMC assigned the accounts to Credit Bureau of Lewiston-Clarkston, in May 2016, Mr. Perry still resided at 1830 14th St. in Lewiston.

14. On September 27, 2016, a process server named E.L. Reno filed a "Declaration of Attempted Service" which stated that Mr. Perry could not be located at 1830 14th St. in Lewiston.

15. Reno's declaration went on to state that Credit Bureau of Lewiston-Clarkston had requested return of the summons and complaint because Mr. Perry had been located in Potlatch.

16. Mr. Perry has not lived in Potlach since January 2014.

17. On October 14, 2016, the Latah County Sheriff's Department filed a "Not Found Return of Service."

18. In the comments it stated that "House at 655 St Potlatch is vacant. Has recently been served in Nez Perce County, unknown address."

19. Upon information and belief, the comments to the "Not Found Return of Service" was referencing Nez Perce County Case No. CV-16-1781, Midland Funding v. Matthew Perry.

20. On September 30, Midland Funding was able to successfully personally serve Mr. Perry.

21. Mr. Perry's phone number has not changed since he received services from St. Joseph Medical Group and St. Joseph RMC.

22. At no point did Mr. Perry ever receive a phone call from Credit Bureau of Lewiston-Clarkston asking him where he lived.

23. Upon information and belief, Credit Bureau of Lewiston-Clarkston was given Mr. Perry's phone number when it was assigned his account for collection.

24. Upon information and belief, as of September 2016 a search on Whitepages.com reveals a mailing address for Mr. Perry of P.O. Box 2012, Lewiston ID 83501.

25. Mr. Perry never received any mail from Credit Bureau of Lewiston-Clarkston at that address.

26. Upon information and belief, a commonly used skip tracing service in the collections industry is TLO, which is run by Transunion.

27. Upon information and belief, a basic search on TLO in September 2016 would have revealed that Mr. Perry resided at 2135 Powers Ave. in Lewiston.

28. On October 26, 2016, Credit Bureau of Lewiston-Clarkston filed a motion for publication of summons supported by an affidavit from Troy Ledgerwood.

29. The affidavit stated that a due and diligent search had been made by Credit Bureau of Lewiston-Clarkston but it could not locate Mr. Perry.

30. The affidavit further declared that Mr. Perry "has either departed from the State of Idaho with intent to defraud creditors, or to avoid the service of a Summons, or keep himself concealed with the like intent."

31. Credit Bureau of Lewiston-Clarkston had no basis for making that representation as none of those allegations were true.

32. After obtaining an order for publication, Credit Bureau of Lewiston-Clarkston ran an ad in the Lewiston Morning Tribune for four weeks.

33. When Credit Bureau of Lewiston-Clarkston sought a default judgment its attorney, Thomas L. Ledgerwood, stated under oath that the address where Mr. Perry would most likely receive notice of the judgment was 655 6th St. in Potlatch.

34. Mr. Ledgerwood made this averment despite knowing that the Latah County Sheriff's Department had found the home at that address to be vacant.

35. After obtaining a default judgment based on Mr. Perry's failure to read the legal notices in his local newspaper in order to ascertain that he had been sued, Credit Bureau of Lewiston-Clarkston begin garnishing Mr. Perry's wages.

36. The garnishment was Mr. Perry's first notice that Credit Bureau of Lewiston-Clarkston had any sort of claim against him or that St. Joseph Medical Group and St. Joseph RMC was still attempting to collect the 2014 debts.

37. Shortly after receiving notice of the garnishment, Mr. Perry spoke with officials at St. Joseph Medical Group and St. Joseph RMC and was able to obtain a charity waiver of the balance owed.

38. Credit Bureau of Lewiston-Clarkston has taken the position that despite the principal being waived by the creditor, it is still entitled to garnish Mr. Perry for interest, court costs, and attorney fees.

## COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

41. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

42. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

43. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. Idaho Code § 5-508 allows a party to seek to serve a Summons by publication under certain

circumstances.

45. Credit Bureau of Lewiston-Clarkston made a half-hearted attempt to find Mr. Perry and then sought the extraordinary relief of serving Mr. Perry by publication.

46. Credit Bureau of Lewiston-Clarkston made statements under oath regarding its attempts to find Mr. Perry, as well as the address where he was likely to receive notice which were clearly false.

47. Credit Bureau of Lewiston-Clarkston did not make a diligent search for Mr. Perry, who was relatively easy to find, because it preferred to prevent Mr. Perry from the opportunity to receive adequate notice of the summons and complaint and "serve" him through a portion of the newspaper that no one reads, including lawyers.

48. Credit Bureau of Lewiston-Clarkston did so in order to obtain a default judgment and deprive Mr. Perry of the opportunity to defend himself.

49. Credit Bureau of Lewiston-Clarkston obtained attorney fees, upon information and belief, based upon Idaho Code § 12-120(1) which requires a pre-suit demand.

50. Credit Bureau of Lewiston-Clarkston did not make an adequate pre-suit demand because it never delivered a letter to Mr. Perry at an accurate address.

51. Therefore, Credit Bureau of Lewiston-Clarkston would not have been entitled to attorney fees and the case would not have even made it to a lawsuit because upon receiving the demand letter Mr. Perry could have approached St. Joseph Medical Group and St. Joseph RMC for a charity waiver as he did when he finally received notice of the outstanding debt after his wages were garnished.

52. Mr. Perry is entitled to statutory and actual damages due to Defendant's misrepresentations and violations of the FDCPA.

## COUNT II: VIOLATION OF FDCPA - MISREPRESENTATIONS

53. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

54. As stated in the prior count, 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. More specifically, 15 U.S.C. § 1692e(16) prohibits: "the false representation or implication that a debt collector operates or is employed by a consumer reporting agency. . . ."

56. Upon information and belief, Credit Bureau of Lewiston-Clarkston does not operate as a consumer reporting agency.

57. By calling itself Credit Bureau of Lewiston-Clarkston, Defendant falsely implicates that it is a consumer reporting agency.

58. Mr. Perry is entitled to statutory and actual damages due to Defendant's violation.

## COUNT III: ABUSE OF PROCESS

59. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

60. Credit Bureau of Lewiston-Clarkston took a willful act in having Mr. Perry served by publication despite not having made reasonable efforts to have him personally served.

61. It was improper to seek an order for service by publication without having made a diligent search for Mr. Perry.

62. It was improper to represent that Mr. Perry was evading service after only attempting service twice, at two old addresses.

63. Serving Mr. Perry by publication was done for the ulterior, improper purpose of depriving Mr. Perry of the ability to file an Answer, which would in turn enable Credit Bureau of Lewiston-Clarkston to obtain a default judgment.

64. Mr. Perry is entitled to actual and punitive damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C.  Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E.  In the event of default judgment, for attorney fees in the amount of $2,000.00,

F.  For Court costs; and

G.  For such other and further relief as may be just and proper.

DATED: April 10, 2017.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC